J-A02011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNY RAY ROBERTS | : | |
| | : | |
| Appellant | : | No. 590 WDA 2020 |

Appeal from the PCRA Order Entered May 18, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002155-2008

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  May 4, 2021**

Johnny Ray Roberts appeals from the May 18, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA).  Counsel has filed a **Turner**/**Finley**[1] no-merit brief and application to withdraw.  After thorough review, we grant counsel permission to withdraw and affirm the denial of PCRA relief.

The charges against Appellant stem from a shooting incident in the parking lot outside the Steppin' Out Lounge in Erie, Pennsylvania, on July 27, 2008.  Appellant fired four gunshots at two persons in a vehicle, striking the passenger in the head and chest.  On January 20, 2009, a jury found Appellant guilty of attempted homicide, aggravated assault, two counts of recklessly

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

endangering another person ("REAP"), and possession of an instrument of crime.

The trial court sentenced Appellant to an aggregate sentence of twenty-five to fifty years of incarceration. His sentence reflected a twenty-five-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714 for attempted homicide with two prior convictions for crimes of violence. Appellant's post-sentence motion was denied, and this Court affirmed judgment of sentence on February 5, 2010. **See Commonwealth v. Roberts**, 996 A.2d 14 (Pa.Super. 2010) (unpublished memorandum). Appellant did not seek allowance of appeal to the Supreme Court. On February 3, 2011, Appellant filed a timely PCRA petition and counsel was appointed. Following the denial of relief, Appellant appealed to this Court. That appeal was dismissed for failure to comply with Pa.R.A.P. 3517. **See** Order, 7/18/11, at 1.

The instant PCRA petition, Appellant's second, was filed on November 7, 2019. In the *pro se* petition, Appellant contended that his sentence exceeded the lawful maximum as a result of a sentence reduction he received in an unrelated federal case based on the United States Supreme Court decision in **Johnson v. United States**, 135 S.Ct. 2551 (2015), holding that the Armed Career Criminal Act was unconstitutionally vague. **See** Correspondence from Federal Public Defender, Exhibit A to PCRA Petition.[2] Appellant averred that

_____

[2] The correspondence indicates that Appellant's original sentence of 188 months of incarceration and five years of supervised release in the unrelated

he no longer qualified as an armed career criminal, and that his twenty-five-year mandatory sentence herein was illegal. Furthermore, he pled that the April 8, 2019 decision in his federal case rendered the instant petition timely.

The trial court appointed Michael Harmon, Esquire as counsel. On January 2, 2020, counsel filed a petition to withdraw and *Turner/Finley* no-merit letter. On April 20, 2020, the PCRA Court issued Pa.R.Crim.P. 907 "Notice of Intent to Dismiss" Appellant's PCRA petition and, thereafter, dismissed the petition on May 18, 2020. The court did not rule on counsel's motion seeking leave to withdraw.

Attorney Harmon filed a timely appeal on Appellant's behalf, and both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Counsel filed a *Turner*/*Finley* letter brief and no-merit letter, and a petition to withdraw as counsel. On September 24, 2020, Appellant filed an objection and response to the dismissal of his PCRA petition in the court of common pleas, which was forwarded to counsel. On October 12, 2020, Appellant filed a *pro se* request for a *Grazier* hearing.[3] The Clerk of Courts forwarded these documents to counsel.

_____

federal case was reduced to fifty-one months of incarceration and three years of supervised release.

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). By order dated November 12, 2020, this Court denied Appellant's motion for a *Grazier* hearing. We held that Appellant's request to invoke his right to self-representation was untimely since appellate briefs had already been filed. *See Commonwealth v. Rogers*, 645 A.2d 223, 224 (Pa. 1994).

Counsel identifies one issue that Appellant wishes us to review:

Whether the Trial Court erred in sentencing Appellant to a mandatory minimum sentence of 25 -to -50 years pursuant to 42 Pa.C.S. § 9714(a)(2), based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (US 2015), which held that the Armed Career Criminal Act was unconstitutionally vague.

*Turner*/*Finley* No-Merit letter brief at 7.

In an appeal from the PCRA court's determination, we review "the court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted). Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id*.

Where, as here, counsel has proceeded pursuant to *Turner*/*Finley*, we must first determine if he has complied with those procedural requirements. When counsel seeks to withdraw from PCRA representation, counsel must first conduct an independent review of the record. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Following that review, counsel must file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. In ruling on whether counsel may withdraw, the court must conduct its own independent evaluation of the record and agree with counsel that the

petition is without merit. ***See Pitts***, ***supra*** at 876 n.1; ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa.Super. 2012).

On September 11, 2020, counsel informed Appellant that he had reviewed the PCRA claim asserted on appeal and concluded that it failed to state a colorable claim for relief under the Act. He apprised Appellant that he had filed with this Court a ***Turner***/***Finley*** brief and an Application for Leave to Withdraw as Counsel and provided a copy of each to Appellant. He explained that this Court would conduct its own review, and if it determined that there was no merit in the petition, it could grant counsel's application to withdraw. Finally, counsel notified Appellant that he "now [has] the right to proceed *pro se* or with the assistance of privately-retained counsel." Correspondence, 1/6/20, at 1. After review of the record, we find that counsel complied with the procedural/technical requirements of ***Turner*** and ***Finley***.

With regard to the substantive requirements of ***Turner***/***Finley***, counsel addressed the only issue raised by Appellant in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In support of his position that there was no merit to Appellant's claim, counsel attached the PCRA court's Notice of Intent to Dismiss Appellant's PCRA Petition dated April 17, 2020, as "Exhibit A," and Counsel's January 6, 2020 No-Merit Letter filed in the PCRA court as "Exhibit B." The substance of counsel's argument is that the petition is facially untimely and that no timeliness exception is applicable. Counsel maintains that the Supreme Court decision in ***Johnson***, which allegedly

conferred an after-recognized constitutional right, was rendered more than sixty days prior to the filing of the instant petition. In addition, counsel notes that the Supreme Court rejected the notion that **Johnson** rendered the petitioner's PCRA petition timely in **Commonwealth v. Spotz**, 171 A.3d 675 (Pa. 2017) (holding that **Johnson** has not been held to apply to Pennsylvania statutes). Hence, counsel maintained that Appellant had failed to assert a colorable claim under the PCRA.

We conclude that counsel complied with the substantive **Turner**/**Finley** requirements. Hence, we will proceed with our independent review of the record. Preliminarily, we must first ascertain whether the petition was timely filed, as we lack jurisdiction over an untimely petition. **Commonwealth v. Callahan**, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). All PCRA petitions must be filed within one year of the date when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Callahan**, **supra**, at 122 (quoting 42 Pa.C.S. § 9545(b)(3)).

In this case, we affirmed Appellant's sentence on February 5, 2010. He did not seek further review, and thus, his judgment of sentence became final thirty days later, on March 7, 2010. Appellant had until March 7, 2011, to file

- 6 -

a timely PCRA petition.  The present petition, which was filed on November 7, 2019, is facially untimely.

There are three exceptions to the one-year time bar set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii):

(1)    Interference by government officials in the presentation of the claim;

(2)    Newly-discovered facts; and

(3)    An after-recognized constitutional right.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012).  The petitioner has the burden of pleading and proving the applicability of any exception.  42 Pa.C.S. § 9545(b)(1).  Furthermore, a petition stating claims that arose before December 24, 2017, and invoking one or more of the exceptions must have been filed within sixty days of the date the claim first could have been presented.  42 Pa.C.S. § 9545(b)(2).[4]

Appellant asserts that the instant petition filed on November 7, 2019 is timely as measured from the April 8, 2019 decision in his federal case. However, the time limit for filing a PCRA petition is calculated based on the date when the new substantive right is recognized and held to be retroactive.

---

[4] The statute was amended in 2018 to expand the time for filing a petition invoking a timeliness exception.  The amendment, *inter alia*, substituted "within one year" for "within 60 days" in 42 Pa.C.S. § 9545(b)(2); and Section 3 of Act 2018-146 provided that this amendment "shall apply only to claims arising one year before the effective date of this section or thereafter."

The constitutional right at issue herein was allegedly recognized in *Johnson*, *supra*, which was decided on June 26, 2015.[5] The PCRA court correctly examined whether Appellant's assertion that the United States Supreme Court created a new constitutional right in *Johnson* would satisfy the timeliness exception for an after-recognized constitutional right. *See* PCRA Court Opinion, 4/11/20, at 3. Appellant's petition, which was filed four years after *Johnson*, is untimely as it was not filed within sixty days of that decision.

Furthermore, the PCRA court concluded that "while *Johnson* created a new constitutional right for federal defendants sentenced pursuant to federal statutes, that right was not applicable to" Appellant. *Id*. The court relied upon *Commonwealth v. Spotz*, 171 A.3d 675, 681 (Pa. 2017), in which our Supreme Court held that the United States Supreme Court's decisions in *Johnson* and *Welch* do not satisfy the newly-recognized constitutional right exception to the time limit prescribed by the PCRA. For purposes of the timeliness exceptions, the asserted newly-created constitutional right must benefit the petitioner. The *Spotz* Court rejected the notion that *Johnson* created a new constitutional right for defendants who, like Spotz and Appellant, had been sentenced in state court pursuant to a Pennsylvania

---

[5] *Johnson*'s holding that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C.S. § 924(e)(2)(B)(ii), was void for vagueness, was held on April 18, 2016, to be a new substantive rule retroactive to those whose judgments of sentence had become final in *Welch v. United States*, 136 S.Ct. 1257 (2016).

statute. *See Spotz*, *supra* at 681-82 (finding nothing in *Johnson* which suggested that the rule extends to state prisoners and holding that since neither *Johnson* nor *Welch* created a constitutional right that applied retroactively to Spotz, the timeliness exception did not apply).

Our independent review of the record confirms that Appellant's petition is untimely under *Spotz* and cannot afford him relief. Thus, we concur with counsel's assessment that this petition lacks merit. *See Rykard*, *supra* at 1184 (providing that before we can authorize an attorney's withdrawal, we must conduct an independent review of the record and agree with counsel's assessment that the petition lacked merit). Accordingly, we find that the PCRA court did not abuse its discretion in dismissing the petition.

Application to Withdraw of Michael Harmon, Esquire is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2021

- 9 -